Good morning, Your Honors. My name is David Lewarchuk and I represent Mr. Norwood in this matter. Before I commence, is there a preference regarding a summary of the facts or can I proceed? You can move right to argument. You can presume familiarity by the panel with your briefs. In any case that involves an emotional crime such as a sex crime involving a minor, the rules of evidence and the provisions of the Constitution that protect the accused are particularly important. In this case, this is particularly true. This case involves the prosecution of my client for the attempted trafficking of a minor age 15 across the border of Illinois and Wisconsin. It implicates the Confrontation Clause of the United States Constitution and also Rule 403 of the Federal Rules of Evidence. Of particular import, the Confrontation Clause states that in all criminal prosecutions, the accused shall enjoy the right to be confronted with witnesses that are against him. It doesn't say that it gives them the right to confront. It says they have the right to confront the witnesses that are arrayed against them. In this case, there were medical records that were introduced by the government. Specifically, a forensic exam that was performed the day after Delaney, the alleged victim in this case, was picked up by the police. That evidence contained statements within it regarding her engagement in prostitution in various states that coincide with the government's allegations. You've agreed that the primary purpose of the nurse's exam was to diagnose and treat the minor's health. How could those records be testimonial and the statements in there be testimonial given that the primary purpose of the nurse's discussion with her was to treat her health? Well, my position would be that the statements, consistent with actually the case from this circuit that the government just cited to as supplemental authority, my position is that it can have a dual purpose, in which case some of the statements certainly are eligible for the Confrontation Clause. But they have to be testimonial in the first instance in order for their confrontational right to kick in. What statements and what is it that makes them testimonial here when, again, you've already agreed that the primary purpose of the nurse's examination was to diagnose and treat the victim? That wasn't my interpretation of my briefs, but my interpretation is that certainly some of the questions were for the primary purpose of medical treatment, but not all of it. And it doesn't have to be part of the analysis, part of the discussion can be testimonial and others not be. And why is it testimonial? It's testimonial because from the viewpoint of the declarant, in this case Delaney, she reasonably believed that she was going to be in a later time in the criminal prosecution. Why? Because it said right on the form that she was filling out that was a forensic exam. And also, the day before, she lied about her identity when she was stopped by the police, which gives the conscience of guilt to know that there was legal implications of what was going on, even if she was not legally responsible. The second requirement for testimonial, under the testimonial analysis, is whether there's an ongoing emergency. And that also is met here because there was not an ongoing emergency. It was taken, this test was taken the day after she was picked up in a whole, an entirely different state. So, for those two reasons, the statement given to, given by her regarding when she was in the prosecution were hard under the application process. However, even absent that, I would argue that it's also hard under, or should have been barred under the federal rules of evidence, number 403, rule 403. Under that analysis, you have to gauge whether, if the evidence is relevant, whether it's, whether it's probity is greatly outweighed by the prejudice. And I apologize, whether the prejudice is highly out, highly, highly outweighed for probity. So, here, I'm, I don't, even though it's highly prejudicial, I don't think this evidence is very probative because the victim's, my client's name was not given. And the nurse testified that they- But wasn't the fact that your client's name was redacted what took away from the prejudice? No, because you're, my client is sitting there in the, in the defendant's seat being charged with trafficking a minor across state lines for prosecution. And here you have medical records saying that you engage in prosecution on five different occasions. It doesn't say the state, it doesn't say the, and it, of course, doesn't indicate that my client told her to do so, but it is still highly prejudicial. The point of rule 403 is so that the jury does not convict for reasons that are, for the wrong reasons, essentially. And we're not contesting, or at least at the trial, the trial court did not contest, the trial defense attorney did not contest that he was being, that he was prostituting anyone within Illinois. The question is whether or not there was a substantial step taken towards prostituting her, transporting her to Wisconsin. Mr. Lubarczyk, were there particular questions that the sexual assault nurse posed that you felt made it into some type of a testimonial circumstance? I'm wondering whether or not there's a particularity to certain of those inquiries which you believe made it bleed over into being testimonial. Well, I think that it's not just the question that has to be looked at. If you look at it from the declarant's perspective, what they're stating is that the reason would include that what they're stating in the later time for criminal prosecution. That's what the law is. And it's certainly reasonable that Delaney telling this nurse on a form that says forensic evidence that she had engaged in prosecution numerous times during the period of time that the state alleged that she was trafficked across state lines for that purpose. It's reasonable to conclude that she thought that that was being, that that would later be used in a criminal prosecution. For that same reason, well, for similar reasons, the telephone conversation at state care that was recorded stopped within a period of almost three weeks. And that's because though it was relevant for proving that my client had prostituted Delaney in Illinois, it was not relevant to whether or not she was trafficked across state lines. It doesn't have the name of the client. Why isn't it directly relevant to the third element of the offense, namely that your client intended her to engage in prostitution? It doesn't have to be relevant to every element. That's true, but you have to ask yourself too whether or not it's the prejudice highly outweighs the probability of what it was saying. Like we said before, we're not contesting whether or not she engaged in prostitution. But it's his intent that one of the purposes of the call being admitted was to establish his intent to prostitute her, which is highly, it's an element of the case. Well, the defense attorney did not contest that he was trying to prosecute her in Illinois. He said that during argument. So really what it comes down to, and the judge also acknowledged this in his remarks when he was putting together the jury instructions, this case really comes down to whether there was a substantial attempt to transport Delaney to Wisconsin for the purposes of prosecution. He said very specifically, that's why we're here in federal court instead of on California Street or at one of the other state courthouses. And the defense lawyer below was not contesting that she was being prostituted in Illinois or even apparently that Mr. Neurowood had intended that. But it's still an element of the offense that the government has to prove. And they don't have, whether he was contesting it or not doesn't matter. Intent to prostitute is an element of something he was charged with, and that's what the call was admitted to help establish. I understand and I agree with your Honor that that is an element of the crime. However, that's not the final analysis. What also is necessary to go through is whether the prejudice here highly outweighs the probative value. And considering that there was other evidence of the intent, prostitute, and that defense counsel wasn't even contesting it, that aspect of the crime, the probative value here is greatly outweighed by the prejudice here. And that is that the jury convicted Mr. Neurowood because he was prostituting Delaney, and that he was speaking in terms about her, rather than trafficking her car. Also, he didn't mention her name either in this telephone conversation. In case three, they indicate that the contrary is true in the facts section, but that's the whole reason why this is fine, that counsel tried to proclude this being admitted, was that her name wasn't mentioned. And so it was highly prejudicial for that reason, unfairly prejudicial for that reason. Continuing on, what's also important to us is the evidence here. And that's tied in also, we can look at plain whether there was harmless error in the introduction of that evidence that we just spoke of under Rule 403. The government's evidence here that he actually attempted to take Delaney into Wisconsin is weak. Their own expert testified that there was no pinpoint accuracy to the cellular follower analysis that he performed. There was no witnesses that said they were together. There was no evidence introduced by way of cars or gas receipts or anything, indicating that he attempted to transport her to Wisconsin. How do you get around the cell tower records? You get around the cell tower records by saying that it wasn't by their own witness, and they didn't have any pinpoint analysis to do. The section of my brief that talks about, in the sufficiency of the evidence, that proximity is not enough to prove guilt. Just because someone is near another person that's engaging in criminal activity does not mean that they are implicated in that crime. Mr. Labarge, if you're in your rebuttal time, would you like to reserve the remaining time? Yes, I would like to reserve the remaining time. Thank you, Your Honor. Thank you. Ms. Schwartz, we'll turn to you on behalf of the government. Thank you, Your Honor. May it please the Court, my name is Julia Schwartz, and I represent the United States. The District Court properly admitted the victim Delaney's statements to a medical professional, notwithstanding the fact that Delaney herself did not testify at trial. Defendant's Confrontation Clause objection is without merit. The Confrontation Clause analysis turns on the primary purpose of the conversation at issue. For example, if the questioning by a medical professional was, in essence, a substitute for police questioning, then Delaney's statements may have been testimonial. But that was not the case here. Delaney's statements to the nurse were not an out-of-courts substitute for trial testimony. As Nurse Katanya Phillips testified at trial, her primary purpose in questioning Delaney was to diagnose her and determine a course of treatment. Unlike in Ramirez v. Tagles, which is this Court's most recent case addressing the Confrontation Clause, no law enforcement official participated in the interview. In fact, no law enforcement officer was present or otherwise involved in the medical examination. In fact, a case manager at the Indiana Department of Child Services was the person who transported Delaney to the hospital for the examination. I'd like to briefly address Mr. Luarchik's argument regarding the ongoing emergency. The existence of an ongoing emergency is simply one factor that informs the primary purpose analysis. The Supreme Court has stated in Michigan v. Bryant that there may be other circumstances aside from ongoing emergencies when a statement is not procured with the primary purpose of creating an out-of-courts substitute for trial testimony. That's the case here. Statements to a medical provider without law enforcement present will generally be statements that were not procured with the primary purpose of creating an out-of-courts substitute for trial testimony. For these reasons, Delaney's statements to medical providers were not testimonial and their admission at trial for Nurse Phillips did not violate the Confrontation Clause. Ms. Schwartz, what have the other circuits said with respect to this question? Have any of the other circuits besides the Fifth ruled on this specific question and what has been their rationale? Yes, Your Honor, other circuits have addressed similar Confrontation Clause issues. I want to know about this one, the medical records. Have other circuits ruled on the medical records issue? Yes, Your Honor. In United States v. Pineau, the Eighth Circuit stated that where statements are made to a physician seeking to give medical aid in the form of diagnosis or treatment, they are presumptively non-testimonial. What's the date on that case? The date's important here. That was a 2005 case, so it postdated Crawford, Your Honor. Okay, that's what I'm interested in, yeah. Pre-Crawford cases wouldn't be much good to any of us. That's correct, Your Honor. In addition, you alluded to the Fifth Circuit's decision in United States v. Barker. There, a four-year-old victim's statements to a certified sexual assault nurse examiner were held to be non-testimonial because there, the primary purpose of the conversations was to medically evaluate and treat the young girl. There, the Fifth Circuit noted that the nurse's duty to report to law enforcement did not render the statements testimonial because the nurse would have acted with the principal purpose to provide the victim with medical care. And, Your Honor, that was a 2016 decision by the Fifth Circuit. Are you aware of any scholarship on this issue? Has anything been published in the journals about the applicability of Crawford to the medical examination? I'm not aware of any secondary authority, Your Honor. I see. Thank you. Moving on to defendant's jail call. The district court did not abuse its discretion in admitting one of the defendant's jail calls. In this call, defendant bragged about pimping a little white girl who was young and on the run, clearly referencing Delaney. Although the call certainly was prejudicial, as all relevant evidence is, it was not unfairly so. The evidence was highly probative of defendant's trafficking of Delaney and intent that Delaney engage in prostitution. The district court properly weighed the jail call's high probative value against the potential prejudice, and that careful balancing was not an abuse of discretion. In terms of the sufficiency of the evidence argument, the jury's verdict was supported by substantial evidence that the defendant attempted to transport 15-year-old Delaney to Wisconsin to engage in prostitution. That evidence included back-page posts placed by the defendant advertising Delaney's sexual services. Those posts targeted Wisconsin customers and stated that Delaney would travel for sex. Hotel records also showed that defendant rented hotel rooms for Delaney in northern Illinois right along the Wisconsin border. The jurors also heard testimony that established that defendant actually traveled with Delaney to Wisconsin where she engaged in sex acts for money. Historical cell site data showed that defendants in Delaney's phones were in Kenosha on May 17th and Milwaukee on May 17th and May 18th, 2015. Delaney's medical records showed that she had sex with multiple unknown men while she was in Wisconsin on those days. Delaney's phone records also showed that while her phone was in Kenosha for just about four hours, she had 254 contacts with Wisconsin phone numbers. In total, she had thousands of phone contacts with Wisconsin phone numbers including where she discussed rates, traveling, and other commercial sex acts. This evidence was more than sufficient to establish that the defendant attempted to and in fact did, transport Delaney across state lines to engage in prostitution. Your Honor, if there are no further questions, the government respectfully requests that this court affirm the defendant's conviction and sentence. Thank you. Judge Ripple, any further questions? No, thank you. Judge St. Eve? No, thank you. Thank you, Ms. Schwartz. Mr. Lovacek, we'll move back to you for rebuttal. Thank you, Your Honor. The government counsel just argued that the cell phone, that the medical records indicated that Delaney had sex while she was in Wisconsin. It doesn't indicate that. It doesn't indicate where she had the intercourse, which is part of the reason why it was unfairly prejudicial. Also, you briefly engaged counsel in preparing scholarships and various cases that investigated the confrontation clause in the context of the records. The government indicated a couple of cases from the Sixth Circuit, I believe. One, the first one is in a footnote. It actually indicates that Delaney had intercourse and that it is not to be cited for precedential value. And then that case cites Schwartz's position. It cites another case that, so it doesn't say it's not there for precedential value. It doesn't say it can't be cited for precedential value. It does say that the analysis here is a dual analysis. It's not a primary purpose analysis. It's a parsley analysis, just like this court did in the Rod Ramirez case cited by the government by this court in June. Mr. Lovarczyk, your time has expired. Thank you very much. We appreciate your argument. Thank you, Ms. Schwartz, for your argument. The case will be taken to our advisement.